FILED

APR 2 6 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                      )   Case No. 05-21097-C-7
                                           )
JOHN E. MARK and                           )   DC No. LJB-1
SHARON R. MARK,                            )
                                           )
                 Debtors.                  )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed this voluntary chapter 7 petition on February 2, 2005.  They scheduled real property commonly known as 3234 Williston Way, El Dorado Hills, California ("the

property") as an asset of the estate.  The property was
scheduled as exempt in the amount of $128,307.  The chapter 7
trustee filed a report finding that there was no property
available for distribution from the estate over and above that
exempted by debtor.

On March 1, 2005, Amercia's Servicing Company dba Mortgage
Electronic Registration Systems, Inc., ("movant") filed a
motion, notice, and declaration requesting that this court
vacate the automatic stay to permit movant to commence
foreclosure proceedings against the property.  The motion,
notice, and declaration were properly served and a final
hearing thereon was set for March 29, 2005.  The court notes
that movant's declaration states that it is uncertain as to the
amount of attorneys' fees that will be incurred, and thus, will
ask leave to amend when said amount has been ascertained.

The motion and declaration establish that the debtor owes
the movant approximately $353,808.83.  The value of the
property is approximately $477,000.  As such, debtor has equity
in the property in excess of $123,191.17.

On March 15, 2005, debtors filed an opposition to movant's
motion.

After the hearing on March 29, 2005, the court continued
the motion to April 26, 2005.  At the continued hearing on
April 26, movant represented that they entered into a
stipulation with the trustee, wherein the trustee agreed to
terminate the stay as against the estate's interest.  Debtors
appeared at both hearings and opposed movant's motion.
After the hearing held on April 26, the court concluded that it

would resolve the relief from stay motion as submitted and further continue the hearing on movant's request for attorneys' fees and costs.

### Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

In this instance, debtor had equity in excess of $123,191.17. As such, the motion requesting relief from the automatic stay as against the debtors shall be denied without prejudice.

As to the chapter 7 trustee, the motion will be granted pursuant to the stipulation entered into between the trustee and movant. The court notes that it is also in a position to grant movant's motion as to the trustee because the trustee filed a no asset report.

Additionally, the hearing on movant's request for attorneys' fees and costs is continued to June 7, 2005. Any party wishing to supplement the record may do so before May 31, 2005.

An appropriate order will issue.

Dated: April 26, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

John and Sharon Mark
3234 Williston Way
El Dorado Hills, CA 95762

Gary Fraley
2862 Arden Way #205
Sacramento, CA 95825

Michael Burkart
5150 Fair Oaks #101-185
Carmichael, CA 95608

Amercia's Servicing Company dba Mortgage Electronic Registration Systems, Inc
c/o The Buckley Firm
26522 La Alameda, Suite 200
Mission Viejo, CA 92691


Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA  95814


Dated: 5.2.05


_____
Deputy Clerk